UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELINDA OLSEN**<br><br>**Plaintiff,**<br><br>   -against-<br><br>**JEFFERSON PARISH**<br><br>**Defendant.** | *   CIVIL ACTION NO.<br>       2020-268<br>*<br>*   **JURY TRIAL**<br>* |

## COMPLAINT

**NOW INTO COURT**, comes Plaintiff, Melinda Olsen ("Ms. Olsen"), and ( referred to herein as "Plaintiff"), who files this Complaint against Defendant, Jefferson Parish, and respectfully alleges as follows:

### NATURE OF THE ACTION

1.   This action arises out of Defendants' failure to pay after-hours work and overtime pay as required by the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), Louisiana Revised Statute 23:631 et seq, and Louisiana Civil Code Article 2315.

2.   Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for unpaid wages, overtime back pay, liquidated damages, pre-judgment and

post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and La. Rev. Stat. 23:632.

## JURISDICTION

3.  This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiffs' claims under the La. Civ. Code Art. 2315 and pursuant to 28 U.S.C §1367.

## VENUE

4.  Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391, as the location of Jefferson Parish is in the Eastern District of Louisiana.

## PARTIES

**Plaintiff**

5.  Melinda Olsen resides in Springfield, Louisiana. Ms. Olsen was employed first as an Animal Shelter Manager, and then later as Animal Control Officer-Chief for the Jefferson Parish Animal Shelter from January 5, 2013 until February 22, 2019.

**Defendant**

6.  Defendant, Jefferson Parish ("Jefferson Parish") is a Louisiana municipality that operates the Jefferson Parish Animal Shelter and employed Plaintiff.

## FACTUAL ALLEGATIONS

7. At all times relevant to this action, Jefferson Parish is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

8. At all times relevant to this action, Defendant had knowledge of the unlawful actions complained about herein, might have prevented the actions which caused the Plaintiffs' damage, and did not do so. Further, Defendant is answerable for the offenses committed by their managers in the course of their employment pursuant to La. Civ. Code Art. 2320.

## FAILURE TO PAY WAGES FOR AFTER-HOURS WORK PERFORMED

9. The FLSA requires that employers pay all non-exempt employees at least a statutory minimum wage for work performed. An employee who suffers or permitted to work is entitled to wages when the employee is performing the after-hours work pursuant to 29 U.S.C. §203(g).

10. Plaintiff was employed as Animal Control Chief from July 1, 2014 until the date of her termination, February 22, 2019.

11. During Plaintiff's employment as Animal Control Chief, Plaintiff was a non-exempt employee and was required to be on-call to respond to all after-hours animal emergencies.

12. Ms. Olsen's job duties required confirming the after-hours admission of animals to Metairie Small Animal Hospital, responding to emergency staff emails throughout the evening

and responding to emergency calls from staff.

13.   From July 1, 2014, Ms. Olsen has been paid an hourly wage of $19.00.

14.   Ms. Olsen has not been paid for all the time she performed after-hours work.

15.   These unlawful practices are open and notorious to all management and staff. Upon information and belief, these pay practices have been in place since Plaintiff was hired and continue on today.

## FAILURE TO PAY OVERTIME PAY

16.   The FLSA requires that employers pay all non-exempt employees one and one-half (1 ½) times their regular rate for all hours worked in excess of forty during any workweek.

17.   Plaintiff frequently worked in excess of forty hours and did not receive proper overtime compensation.

18.   Throughout her employment, Ms. Olsen has typically worked 6 days a week, both day and after-hours at night.

19.   As such, Plaintiff should have been paid one and one-half the full minimum hourly wage for all hours worked over forty.

20.   Defendant failed to pay Plaintiff the full overtime wages to which she was entitled to under the FLSA.

## UNLAWFUL DEDUCTION
## FAILURE TO KEEP ACCURATE TIME RECORDS

21.   During the period of plaintiffs' employment, Defendant failed to keep true and accurate records of the daily and weekly hours worked and wages paid each pay period to Plaintiff as required by FLSA and La. Rev. Stat. 23:14.

## FIRST CLAIM
### (Fair Labor Standards Act 29 U.S.C. § 201, et seq. )

22.  Plaintiffs repeat and reallege paragraphs 1 through 21 as if fully set forth herein.

23.  Defendant is an employer within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiff.

24.  Defendant was required to pay to Plaintiff the applicable wage for work done after-hours.

25.  Defendant failed to pay Plaintiff wages to which they are entitled under the FLSA.

26.  Defendant failed to keep a true and accurate record of the name, address, and occupation of each person employed by them, of the daily and weekly hours worked by, and of the wages paid each pay period to each employee in violation of the FLSA and La. Rev. Stat. 23:14.

27.  Defendant were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff.

28.  As a result of Defendant's willful violations of the FLSA, Plaintiff suffered damages by being denied minimum wages and/or wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

29. Plaintiff repeats and realleges paragraphs 1 through 21 as if fully set forth herein.

30. Defendant are required to pay Plaintiff one and one-half (1½) times her regular rate for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

31. Defendant has failed to pay Plaintiff the overtime wages to which they are entitled under the FLSA.

32. Defendant has willfully violated the FLSA by knowingly and intentionally by failing to pay Plaintiff their full overtime wages.

33. Due to Defendant's violations of the FLSA, Plaintiff is entitled to recover her unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and prejudgment and post-judgment interest.

## THIRD CLAIM
### (Louisiana Claims Under La. R.S. 23:631 and La. Civil Code 2315)

34. Plaintiff repeats and realleges paragraphs 1 through 21 as if fully set forth herein.

35. Defendant are required to pay Plaintiff wages for work done after-hours.

36. Defendant has failed to pay Plaintiff wages for work done after-hours.

37 Defendant has violated La. R.S. 23:631 et seq.

38. Defendant is answerable also under La. Civil Code 2315.

39. Due to Defendant's violations of state law, Plaintiff is entitled to recover her unpaid overtime wages, 90 day wages, reasonable attorneys' fees and costs of the action, and prejudgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter a judgment:

a.      declaring that Defendant has violated the minimum wage and overtime provisions of the FLSA and are liable individually and in solido;

b.      declaring that Defendant's violations of the FLSA were willful;

c.      awarding Plaintiff and the FLSA damages for unpaid wages and overtime wages;

d.      awarding Plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA;

e.      awarding plaintiff pre-judgment interest;

f.      awarding plaintiff reasonable attorneys' fees and costs pursuant the FLSA and La. Rev. Stat. 23:632;

g.      awarding such other and further relief as the Court deems just and proper.

Dated:      January 24, 2020

Respectfully submitted,

VASQUEZ LAW OFFICE

BY:   /s/Jessica M. Vasquez
Jessica M. Vasquez (27124)
400 Poydras St, Ste. 900
New Orleans, LA 70130
Telephone: (504) 571.9582
Facsimile: (504) 684.1449

Email: jvasquez@vasquezlawoffice.com
**ATTORNEY FOR MELINDA OLSEN**

Case 2:20-cv-00268-BWA-MBN Document 1 Filed 01/24/20 Page 8 of 8