UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MELINDA OLSEN                                        CIVIL ACTION

VERSUS                                               NO. 20-268

JEFFERSON PARISH                                     SECTION: M (5)

### ORDER & REASONS

Before the Court is a motion by defendant Jefferson Parish to dismiss plaintiff's first amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.[1]  Plaintiff Melinda Olsen responds in opposition,[2] and Jefferson Parish replies in further support of its motion.[3]  Having considered the parties' memoranda, the record, and the applicable law, the Court holds that Olsen's Fair Labor Standards Act ("FLSA") claim is not adequately pleaded, but justice requires allowing her to file an amended complaint addressing the pleading deficiencies noted herein.

### I.   BACKGROUND

This case concerns claims for unpaid wages and overtime.  Olsen alleges that she was employed by Jefferson Parish from January 5, 2013, to February 22, 2019, as an animal shelter manager and then as the chief animal control officer.[4]  Olsen alleges that she is now the supervisor of the animal shelter.[5]  Olsen claims that, as the animal shelter manager and chief animal control officer, she was required on a regular basis to confirm after-hours admissions to the Metairie Small Animal Hospital and respond after hours to emergency calls, text messages,

---

[1] R. Doc. 22.
[2] R. Doc. 23.
[3] R. Doc. 27.
[4] R. Doc. 21 at 2.
[5] *Id.*

and emails from staff.[6]  Olsen alleges that, from July 1, 2014, she was paid $19.00 per hour, but that she has not been paid for all the time she worked after hours.[7]

Olsen filed this action alleging a claim for unpaid wages and overtime compensation under the FLSA, 29 U.S.C. § 201, *et seq*.[8]  According to Olsen, she "frequently worked in excess of forty hours" per week, and starting in September 2015, she "typically worked 6 days a week, both day and night after-hours at the request of her supervisor."[9]  Olsen claims that she was not paid wages or overtime compensation for the extra work.[10]  Olsen further alleges that Jefferson Parish did not have a system in place to track after-hours work in excess of 40 hours per week.[11]  Olsen seeks unpaid wages, overtime compensation, liquidated damages, reasonable attorney's fees and costs, plus pre- and post-judgment interest, for the three years preceding the filing of this suit.[12]  Olsen also makes a claim under Louisiana law for unpaid overtime wages.[13]

## II.   PENDING MOTION

Jefferson Parish argues that Olsen did not sufficiently plead a claim under the FLSA.[14]  Jefferson Parish argues that Olsen's complaint contains vague and ambiguous references to after-hours work "on a regular basis," but fails to specify the exact date ranges when she claims she was not paid overtime, if she was not paid overtime wages at all or for just some time, and the approximate number of hours worked for which she claims she is owed wages.[15]  Jefferson Parish also argues that Olsen's Louisiana state-law wage claim suffers from the same

---

[6] *Id.* at 3-4.
[7] *Id.* at 4.
[8] *Id.*
[9] *Id.*
[10] *Id.* at 4-5.
[11] *Id.* at 5.
[12] *Id.* at 6-7.
[13] *Id.* at 7.
[14] R. Doc. 22.
[15] R. Doc. 22-3 at 4-8 (quoting R. Doc. 21 at 3).

deficiencies as her FLSA claim.[16] Further, Jefferson Parish argues that a two-year statute of limitations applies, and any claims preceding January 24, 2018 (two years before the complaint was filed) must be dismissed with prejudice.[17] According to Jefferson Parish, Olsen did not properly allege willfulness as would justify the application of the FLSA's three-year statute of limitations for claims where employers have either knowingly or recklessly disregarded their FLSA obligations.[18]

In opposition, Olsen argues that she is not required to plead the precise amount of work she performed because the employer has the burden of keeping accurate records, which she alleges Jefferson Parish failed to do.[19] Olsen contends she provided enough information in the complaint by alleging that she worked early mornings and late evenings from September 2015 to February 22, 2019, and that Jefferson Parish has emails and text messages she sent before and after hours that prove she performed work for which she was not compensated.[20] Olsen also clarifies that she seeks damages for only the three years prior to the filing of the complaint.[21]

### III.   LAW & ANALYSIS

#### A.   Rule 12(b)(6) Standard

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The statement of the claim must

---

[16] *Id.* at 8.
[17] *Id.* at 9-12.
[18] *Id.*
[19] R. Doc. 23 at 1-4.
[20] *Id.* at 2.
[21] *Id.* at 4.

3

"'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A pleading does not comply with Rule 8 if it offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555-57).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  A claim is plausible on the face of the complaint "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  Plausibility does not equate to probability, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Thus, if the facts pleaded in the complaint "do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court employs the two-pronged approach utilized in *Twombly*.  The court "can choose to begin by identifying pleadings that, because they are no more than conclusions [unsupported by factual allegations], are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.  However,

"[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "[The] task, then, is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (quoting *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012) (internal quotation marks and citation omitted)).  Motions to dismiss are disfavored and rarely granted.  *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

A court's review of a Rule 12(b)(6) motion to dismiss "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).  A court may also take judicial notice of certain matters, including public records and government websites. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2007); *see also Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005).  Thus, in weighing a Rule 12(b)(6) motion, district courts primarily look to the allegations found in the complaint, but courts may also consider "documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

    **B.**    **Stating a FLSA Overtime Claim**

The FLSA requires employers to pay covered employees overtime compensation of at

least one and one-half times the regular rate of pay for any hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a)(1). If an employer violates the FLSA's overtime provisions, it is liable to the employee for the employee's unpaid overtime compensation, as well as "an additional equal amount as liquidated damages." *Id.* § 216(b). To state a claim for unpaid overtime under the FLSA a plaintiff must plead: "(1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Res. (CVR), Inc.,* 758 F.3d 627, 630 (5th Cir. 2014). A plaintiff adequately pleads the amount of overtime compensation due by alleging the date ranges of employment, the approximate number of hours worked, and the regular rate of pay. *See Valle v. Beauryne Builders LLC*, 2018 WL 1463692, at *3 (M.D. La. Mar. 23, 2018) (citing *Maldanado v. New Orleans Millworks, LLC*, 2017 WL 2472358, at *2 (E.D. La. June 8, 2017)). The Fifth Circuit has explained the burden of proof in an FLSA overtime case as follows:

> "An employee bringing an action pursuant to the FLSA, based on unpaid overtime compensation, must first demonstrate that she has performed work for which she alleges she was not compensated." [*Harvill v. Westward Commc'ns, LLC*, 433 F.3d 428, 441 (5th Cir. 2005)] (citing *Anderson v. Mount Clemens Pottery Co.,* 328 U.S. 680, 687-88 (1946)). An employee has met her requisite burden of proof if she proves that she has performed work for which she was improperly compensated and if she produces sufficient evidence to show the amount and extent of that work as a matter of "just and reasonable inference." *Id.* (citation omitted). "The burden shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id.* (citation omitted). "If the employer fails to produce such evidence, the court may then award damages to the employee even though the result may only be approximate." *Id.* (citation omitted).

*Ihegword v. Harris Cty. Hosp. Dist.*, 555 F. App'x 372, 374 (5th Cir. 2014) (original brackets and parallel citation omitted).

Here, Olsen alleges the date ranges of employment at issue, January 24, 2017 (three years before the complaint was filed), to February 22, 2019 (when her employment was terminated), and the regular rate of pay ($19.00 per hour).[22] She does not, however, allege the approximate number of hours worked for which she claims she did not receive wages or overtime compensation. Instead, she alleges that she was required to work before or after normal hours "on a regular basis," "frequently worked in excess of forty hours," and "typically worked 6 days a week, both day and night after-hours."[23] These allegations offer no indication of how many hours per week she worked in excess 40, or even how many hours per day she worked before or after hours. Thus, without an estimate of the number of hours for which Olsen alleges compensation is due, the allegations are too vague to put Jefferson Parish on notice of Olsen's wage and overtime compensation claim. *See, e.g., Fleming v. Elliot Sec. Sols., LLC*, 2020 WL 360513, at *2 (E.D. La. Jan. 22, 2020) (plaintiffs failed to state a FLSA claim when complaint provided no factual allegations to support the approximate date ranges or number of hours worked); *Zuniga v. Masse Contracting, Inc.*, 290 F. Supp. 3d 581, 586 (E.D. La. 2017) (plaintiffs' allegations failed to satisfy Rule 8 when plaintiffs did not allege a date range, approximate number of the hours for which they were not compensated, or any instance in which they recall not being paid overtime); *England v. Adm'rs of the Tulane Educ. Fund*, 2016 WL 6520146, at *3-4 (E.D. La. Nov. 3, 2016) (Rule 8's notice requirement is satisfied in an FLSA case when the complaint contains the approximate date ranges and number of hours worked for which the plaintiff claims she was undercompensated) (citations omitted); *cf. Ruiz v. Masse*

---

[22] R. Doc. 21 at 2-4 & 6. Generally, the FLSA has a two-year statute of limitations, unless an employer's alleged violation is willful, in which case a three-year statute of limitations applies. 29 U.S.C. § 255(a). Olsen affirmatively pleads that she does not seek to pursue any claims outside of a three-year statute-of-limitations period. R. Doc. 21 at 6. However, Olsen has not adequately pleaded that the three-year statute of limitations applies because there are no factual allegations in the amended complaint supporting the notion that Jefferson Parish's alleged FLSA violations were willful.

[23] *Id.* at 3-4.

*Contracting, Inc.*, 2019 WL 2451628, at *7 (E.D. La. June 12, 2019) (allegations sufficient to state FLSA claim when plaintiff alleged that he often worked 67 hours per week). As such, Olsen's FLSA wage and overtime claim is inadequately pleaded.[24]

## IV. CONCLUSION

Accordingly, for the reasons stated above,

IT IS ORDERED that Olsen has 14 days from the date of this Order & Reasons to seek leave of court to file an amended complaint curing the deficiencies addressed herein.[25]

IT IS FURTHER ORDERED that if Olsen fails to file an amended complaint in the allotted time, Jefferson Parish's motion to dismiss Olsen's first amended complaint (R. Doc. 22) will be granted, dismissing Olsen's complaint.[26]

---

[24] Louisiana law requires employers to pay an employee "the amount then due under the terms of employment" upon the employee's discharge. La. R.S. 23:631(A)(1)(a). The statute "does not distinguish between regularly earned wages and overtime compensation." *Kidder v. Statewide Transport, Inc.*, 129 So. 3d 875, 880 (La. App. 2013). Thus, the law applies to "all compensation due under the terms of employment, and not just overtime compensation." *England*, 2016 WL 6520146, at *7 (citing *Odom v. Respiratory Care, Inc.*, 754 So. 2d 252, 256 (La. App. 1999) (noting that there is a "distinction between an employer timely paying earned wages for all hours worked, and an employer refusing to pay [alleged overtime wages]" and holding that "[t]he payment of overtime wages is clearly governed by the FLSA")). "In the context of unpaid overtime claims for employees engaged in interstate commerce, the FLSA preempts state law causes of action." *Id.* (citing *Kidder*, 129 So. 3d at 880; *Little v. Mizell*, 2016 WL 3430489, at *4 (E.D. La. June 22, 2016)). Jefferson Parish argues that Olsen's wage claim under Louisiana law suffers from the same pleading deficiencies as her FLSA claim. Although the Court is not aware of any cases holding that the pleading standards are the same for claims under the FLSA and La. R.S. 23:631 (and Jefferson Parish cites none), the deficiency asserted by Jefferson Parish as to Olsen's state-law claim would necessarily be corrected by the anticipated amended complaint. The Court further notes that there is nothing in the record indicating whether Olsen was involved in interstate commerce, as opposed to solely intrastate commerce that would lead to the preemption of her state-law overtime claim.

[25] Rule 15 allows a court to grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fifth Circuit has recognized that "[i]n view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of the pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Although Olsen has filed one amended complaint, she did that on her own after receiving Jefferson Parish's motion to dismiss her original complaint. The interests of justice require giving Olsen one last chance to adequately allege her FLSA claim now that the deficiencies have been addressed by the Court.

[26] In this event, the Court will also decline, pursuant to 28 U.S.C. § 1367, to exercise supplemental jurisdiction over her state-law claim. Section 1367(a) empowers a federal district court to hear in a civil action state-law claims that are related to an accompanying federal claim over which the court has original jurisdiction. 28 U.S.C. § 1367(a). However, § 1367(c)(3) permits a federal district court to decline to exercise supplemental jurisdiction over a state-law claim if the district court has dismissed all claims over which it has original jurisdiction.

New Orleans, Louisiana, this 10th day of September, 2020.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE